UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JOSEPH DORSEY, | ) | CASE NO. 3:20-cv-2354 |
| | ) | |
| PETITIONER, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | MEMORANDUM OPINION AND |
| | ) | ORDER |
| | ) | |
| SHERIFF JOHN THARP, | ) | |
| | ) | |
| RESPONDENT. | ) | |

*Pro se* petitioner Joseph Dorsey filed the above-captioned Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241.[1] (Doc. No. 1.) Petitioner is pretrial detainee currently being held in the Lucas County Jail. As grounds for relief, he asserts: (1) he is being held on an invalid warrant; (2) the indictment is not a genuine return of the grand jury; (3) he was deprived of his right to a speedy trial and compulsory process; and (4) he is being held on excessive bail. He seeks dismissal of the charges and release from incarceration. In support of his petition, Dorsey filed a brief in support (Doc. No. 1-1) and what he describes as a "motion for summary judgment" (Doc. No. 4).

Under 28 U.S.C. § 2241(c)(3), federal courts may grant habeas relief on claims by a state pre-trial detainee if he is in custody in violation of the Constitution or laws or treaties of the United States. *Phillips v. Hamilton Cnty. Ct. of Common Pleas*, 668 F.3d 804, 809 (6th Cir. 2012). Unlike

---

[1] Petitioner filed this action on a form used for asserting a writ of habeas corpus pursuant to 28 U.S.C. § 2254. But the civil cover sheet filed with the petition (Doc. No. 1-8) and nature of petitioner's claims make clear that he brings the petition pursuant to 28 U.S.C. § 2241.

a petition filed under 28 U.S.C. § 2254, exhaustion of state court remedies under § 2241 is not a statutory requirement. Nevertheless, the Sixth Circuit has recognized that, "in the § 2241 context, 'decisional law has superimposed such a requirement in order to accommodate principles of federalism.'" *Phillips*, 668 F.3d at 810 n. 4 (quoting *United States ex rel. Scranton v. New York*, 532 F.2d 292, 294 (2d Cir. 1976) (further citation omitted)). The requirement of exhaustion was developed to give state courts the first opportunity to examine and resolve constitutional issues arising within their jurisdictions and to limit federal judicial interference in state judicial processes. *Atkins v. Michigan*, 644 F.2d 543, 546 (6th Cir. 1981) (citations omitted). Therefore, "[h]abeas petitioners must exhaust all available state court remedies before proceeding in federal court, and this usually requires that they appeal an adverse decision all the way to the state's court of last resort." *Phillips*, 668 F.3d at 810 (citing *Klein v. Leis*, 548 F.3d 425, 429 n.2 (6th Cir. 2008)).

In the materials filed in support of the petition, Dorsey alleges that he filed numerous motions in the trial court seeking the same relief sought in the instant action. Those motions were opposed by the prosecutor and denied by the trial court, but Dorsey does not indicate that he further pursued his state court remedies.[2] (*See* Doc. No. 4-1.) Where, as here, lack of exhaustion is plain from the face of the petition, the Court may *sua sponte* dismiss a § 2241 petition for failure to exhaust state court remedies. *See Whitaker v. Williams*, No. 4:20-cv-1101, 2020 WL 8673991, at *1 (N.D. Ohio July 10, 2020) ("'*Luedtke* forbids a court from dismissing a § 2241 petition at the

---

[2] In addition, the Court reviewed the public docket for the state criminal case underlying Dorsey's petition and it does not indicate that petitioner appealed the trial court's rulings on his motions concerning the issues for which he seeks relief in the instant action. *See Kirk v. Ivey*, No. 1:18-cv-2406, 2020 WL 349662, at *1 (N.D. Ohio Jan. 21, 2020) (the court may take judicial notice of the public docket in state criminal case underlying a habeas petition) (citing *Ghaster v. City of Rocky River*, 913 F. Supp. 2d 443, 455 (N.D. Ohio 2012) (the court may take judicial notice of a state court docket because it is a public record and plaintiff refers to and/or attaches the public record to the complaint) (citation omitted)).

screening stage for failing to plead exhaustion or to attach exhibits with proof of exhaustion, but it does not prohibit a court from sua sponte dismissing a § 2241 petition where lack of exhaustion is apparent from the face of the pleading.'") (quoting *Shah v. Quintana*, No. 17-5053, 2017 WL 7000265, at *2 (6th Cir. July 17, 2017) (citing *Luedtke v. Berkebile*, 704 F.3d 465, 466 (6th Cir. 2013))).

For all the foregoing reasons, petitioner's Motion to Proceed *In Forma Pauperis* (Doc. No. 2) is granted and this action is dismissed without prejudice pursuant to 28 U.S.C. § 2243. Further, under 28 U.S.C. § 1915(a)(3), this Court certifies an appeal could not be taken in good faith.

**IT IS SO ORDERED**.

Dated: April 9, 2021

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**